IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HERCULES BROWN, | : | |
| Petitioner | : | |
| VS. | : | 7 : 06-CV-126 (HL) |
| PAUL THOMPSON, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on December 20, 2006.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was indicted by a Cook County grand jury on January 10, 2001, for two counts of malice murder, two counts of felony murder, two counts of armed robbery, aggravated

assault, aggravated battery, giving a false name to a police officer, and giving a false date of birth to a police officer. The State sought the death penalty. On May 24, 2002, the petitioner pled guilty to two counts of malice murder, aggravated battery, two counts of armed robbery, giving a false name, and giving a false date of birth. He was sentenced to life without parole. In exchange for the State agreeing to drop the death penalty, the petitioner agreed that he would not receive parole, and that he would not pursue a direct appeal or state or federal habeas corpus remedies.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner did not file a direct appeal of his conviction. The respondent argues that petitioner's plea agreement, wherein he agreed not to pursue a direct appeal of his conviction, rendered his conviction final on May 24, 2002, the date of the conviction and sentencing. *See Akins v. United States*, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from the date on which his conviction became final in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was not filed until November 16, 2004, or more than two (2) years after the expiration of the one year limitations period. The petitioner's arguments that he properly filed a state habeas petition prior to the filing of this federal petition do not change the findings of untimeliness, nor has the petitioner established the basis for invoking equitable tolling herein. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control

and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner has failed to demonstrate that either of these prerequisites has been satisfied.

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 18th day of July, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE