# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

HERCULES BROWN,                :
                               :
    Petitioner,            :
                               :
v.                             :   Civil Action No. 7:06-cv-126(HL)
                               :
PAUL THOMPSON, Warden,         :
                               :
    Respondent.            :
_____

## ORDER

    The Recommendation of United States Magistrate Judge Richard L. Hodge, entered July 18, 2007 [Doc. 13], is before the Court. The Magistrate Judge recommends that Respondent's Motion to Dismiss be granted, and that Petitioners 28 U.S.C. § 2254 action be dismissed as untimely filed. Petitioner filed timely written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court, having made a de novo determination as to those portions of the record as to which objection is made, accepts the Recommendation, as more fully set forth below.

    Petitioner, Hercules Brown, entered a plea of guilty to various offenses on May 24, 2002. As part of his plea agreement, Brown agreed not to pursue a direct appeal of his conviction. Brown also agreed not to pursue state or federal habeas corpus remedies. Brown kept his side of the bargain until November 16, 2004, when he filed a state habeas petition. On December 21, 2006, Brown filed the petition under 28 U.S.C. § 2254 at issue here. Contending that Brown's time for filing in this Court expired one year after May 24, 2002, Respondent, Warden Paul

Thompson, moved to dismiss Brown's petition as untimely pursuant to the limitations imposed by 28 U.S.C. § 2244(d)(1). Agreeing with the Warden, the Magistrate Judge filed the Recommendation at issue here.

In his objections, Brown argues that the one-year limitations period imposed by § 2244(d)(1) is unconstitutional because it deprives those persons confined under state sentence in Georgia of the right to exhaust their state court remedies. More specifically, Brown argues that O.C.G.A. § 9-14-42 gives persons convicted of felonies in Georgia four years in which to bring a state habeas challenge, and that the one-year limitation of § 2244(d)(1) cuts short a state prisoner's opportunities to obtain the necessary documents and prepare and file a state habeas action. He thus contends that the one-year limitation violates due process and should not be imposed on him, and his § 2254 motion should be deemed timely.

This Court finds that Brown waived his right to raise this or any other argument in a federal habeas proceeding. As part of his plea agreement, in which the State of Georgia agreed not to seek the death penalty against him, Brown waived "any right to appeal and to a challenge in either a State or Federal Habeas Corpus proceeding of his plea of guilty, the sentences imposed, or any other aspect of this case." (Doc. 9, Agreement and Contract signed May 24, 2002.) A waiver of the right to seek federal habeas review is valid so long as the defendant knows at the time of his guilty plea that the right to federal habeas review exists and realizes that he is giving up that right as part of the plea bargain. Allen v. Thomas, 161 F.3d 667, 670 (11th Cir. 1998). Here, Brown placed his signature on an agreement in which the right to federal habeas review was made known to and declined by him. It thus appears to the Court that Brown intentionally relinquished his right to federal review and may not present a § 2254 motion in this

Court.

Even if the Court were to consider Brown's argument on the merits, however, it would not succeed. Section 2244(d)(1) does impose a one-year limitation period for applications for writ of habeas corpus on persons in custody pursuant to a state-court judgment. However, § 2244(d)(2) serves to stay the one-year limitations period while properly-filed state court post-conviction proceedings are pending. As a result, a state prisoner who wishes to protect his right to pursue his remedies in federal court need only begin the state-court process within one year of the date on which his judgment becomes final in order to obtain the benefit of § 2244(d)(2)'s tolling provision; he need not complete the state-court process within the one-year period. Once the state-court proceeding is pending, the time for filing the § 2254 motion is tolled. Thus, Brown's argument that § 2244(d)(1) violates his due process rights is without merit.

Other courts have declined to accept arguments similar to those made by Brown. In Brown v. Langley, 348 F. Supp. 2d 533 (M.D.N.C. 2004), the district court held that the one-year limitations period of § 2244(d)(1) controlled even though the State of North Carolina allowed the filing of post-conviction motions for relief at any time. Similarly, in Williams v. Breslin, 274 F. Supp. 2d 421 (S.D.N.Y. 2003), the district court noted that the defendant was free to file his state post-conviction remedies within one year, even though the State of New York did not require him to do so, in order to preserve his right to pursue his federal remedies within the one-year limitation period provided by § 2244(d)(1).

In sum, Brown has offered nothing that persuades the Court that the Magistrate Judge erred. Brown waived his right to bring a habeas challenge in this Court. Notwithstanding his waiver of that right, he has failed to bring his habeas challenge within the time period provided

by § 2244(d)(1). Accordingly, the Magistrate Judge correctly concluded that Brown's § 2254 action was subject to dismissal and the Recommendation to dismiss is accepted by the Court.

**SO ORDERED**, this the 5th day of September, 2007.

*s/    Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls